Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| HELGA ORTIZ SANDOLVA<br>Recurrida<br><br><br>v.<br><br><br>FRANCISCO SÁNCHEZ RODRÍGUEZ<br>Peticionario | TA2026CE00805 | *Certiorari*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Ponce<br><br>Caso Núm.<br>CY2019RF00018<br><br>Sobre:<br>Divorcio (Ruptura<br>Irreparable) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece el señor Francisco Sánchez Rodríguez (señor Sánchez o peticionario), a través de recurso de *certiorari*, solicitando que revoquemos una resolución interlocutoria, notificada a través de *Minuta* por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 1 de junio de 2026. En lo que concierne al asunto que nos toca dilucidar, mediante la determinación recurrida el foro primario determinó referir a la Examinadora de Pensiones Alimentarias (EPA) la solicitud de revisión de pensión alimentaria promovida por la parte demandante, la señora Helga Ortiz Sandoval (señora Ortiz o recurrida).

La parte peticionaria juzga que el TPI incidió al ordenar tal referido a la EPA.

Examinado el tracto procesal del caso ante nosotros, y los fundamentos provistos por el peticionario para que revoquemos la determinación recurrida, juzgamos que no se justifica nuestra intervención con el curso decisorio elegido por el foro recurrido, por lo que denegamos expedir el recurso presentado.

## I. Resumen del tracto procesal

El presente caso surge de un pleito de divorcio entre la señora Ortiz y el señor Sánchez, mediante el cual se disolvió su vínculo matrimonial y se adjudicaron asuntos de custodia, alimentos, gastos extraordinarios, entre otros en torno a los dos hijos que tienen en común, la joven Amanda Nicole Sánchez Ortiz y el menor FASO.

Como resultado de dicho proceso, el 7 de septiembre de 2023, el TPI emitió una *Resolución*, adoptando las recomendaciones contenidas en el Informe remitido por la EPA, en cuyo contenido se precisó la pensión alimentaria que cada uno de los padres alimentantes estaría pagando a los menores, según sería efectiva a partir del 12 de enero de 2023, más los gastos extraordinarios, según autorizados y aprobados por las partes mediante escrito. Además, se declaró *Con Lugar* la solicitud de rebaja de pensión alimentaria instada por la parte aquí peticionaria. Entre las advertencias incluidas al pie del dictamen se incluyó el derecho que acompañaba a las partes de solicitar la revisión de la pensión alimentaria establecida, transcurridos tres años o cuando aconteciera un cambio sustancial de las circunstancias.[1]

Pasados varios años, el 16 de enero de 2026, el señor Sánchez presentó una *Urgente Moción en Solicitud de Reembolso*, aduciendo que había incurrido en una serie de gastos extraordinarios en beneficio de FASO, cuya custodia ostenta, y, por virtud de la pensión alimentaria establecida, correspondía a la recurrida reembolsar el 29% de tales gastos. Junto a esta solicitud desglosó los gastos extraordinarios reclamados e incluyó prueba documental para sostenerlos.[2]

Ante ello, el 20 de enero de 2026, el TPI emitió una *Orden* concediéndole a la recurrida un término de diez (10) días para establecer su posición en cuanto a la *Solicitud de Reembolso*.

---

[1] *Resolución*, Entrada Núm. 165 de SUMAC-TPI.
[2] *Urgente Moción en Solicitud de Reembolso*, Entrada Núm. 344 de SUMAC-TPI.

Posteriormente, el 3 de febrero de 2026, el señor Sánchez presentó una *Segunda Urgente Moción en Solicitud de Reembolso*, reclamando gastos adicionales incurridos en beneficio de FASO.

Así las cosas, el 4 de febrero de 2026, el TPI le ordenó a la señora Ortiz a acreditar el pago de los gastos extraordinarios dentro de un término de diez (10) días.

Entonces, aduciendo que la recurrida no había realizado los pagos correspondientes, el 7 de febrero de 2026, el peticionario presentó una *Urgente Moción en Solicitud de Remedio Inmediato y Desacato*.

Superadas ciertas incidencias procesales, el 12 de febrero de 2026, el TPI emitió otra *Orden*, requiriéndole a la recurrida acreditar el pago correspondiente a los referidos gastos extraordinarios, dentro de un término de cinco (5) días, so pena de desacato.

En igual fecha, la señora Ortiz presentó una *Moción en Solicitud de Término Final*, en la cual solicitó que se le concediera hasta el 27 de febrero de 2026 para presentar su posición respecto al reclamo sobre gastos extraordinarios.

El TPI le concedió el término adicional solicitado por la recurrida.

Más adelante, el 10 de marzo de 2026, la señora Ortiz presentó una segunda *Moción en Solicitud de Término*, esgrimiendo como causa problemas de salud atribuibles a su abogada.

Ese mismo día, el TPI declaró Ha Lugar la anterior solicitud.

Fue el 18 de marzo de 2026 que la señora Ortiz presentó su *Moción en Cumplimiento de Orden*. En lo esencial, esta se opuso a la solicitud de reembolso de gastos extraordinarios solicitada por el peticionario, aduciendo que tales gastos tenían que ser aprobados por las partes antes de ser asumidos, según así lo disponía la *Resolución* del 7 de septiembre de 2023.

En atención a ello, el 19 de marzo de 2026, el TPI emitió una *Orden* concediéndole término al peticionario para oponerse.

En igual fecha, el peticionario presentó una *Segunda Moción Solicitando Remedio Urgente y Exigiendo se Respete el Estado de Derecho y en Réplica a Moción en Cumplimiento de Orden y también en Cumplimiento de Orden.* Sostuvo que "la oposición presentada por la [señora Ortiz] carece de fundamento en derecho, y no puede servir de base para relevarla de su obligación de reembolsar el porcentaje correspondiente de los gastos extraordinarios previamente reclamados y ordenados por este Honorable Tribunal".[3]

Luego de múltiples sucesos procesales, no pertinentes a la controversia ante nos, el 23 de abril de 2026, la señora Ortiz presentó una *Moción en Cumplimiento de Orden, Objeción a Solicitud de Pensión Alimentaria en Contra a Derecho y Solicitud de Remedio.* En lo que nos concierne, esta arguyó lo siguiente:

> Es nuestra contención que la petición [del señor Sánchez] es contra derecho porque para establecer una pensión alimentaria en el año 2026, **procede en derecho la revisión de la pensión alimentaria que tome los ingresos actuales de las partes, no sólo por el cambio en las circunstancias del caso, sino por haber transcurrido ya 2 años, donde los ingresos de las partes han cambiado considerablemente**.[4] (Énfasis provisto).

Cónsono con lo cual, esta solicitó que el caso fuera referido a la EPA "para la revisión de la pensión alimentaria conforme a Derecho".[5]

Mediante Orden, el TPI señaló una vista para atender los asuntos ante su consideración, el 20 de mayo de 2026.

La vista aludida fue celebrada según pautada. En la *Minuta* levantada sobre dicha vista, transcrita el 1 de junio de 2026, el TPI, entre otras determinaciones, **refirió la solicitud de la señora Ortiz de revisión de la pensión alimentaria a la EPA**.

---

[3] *Segunda Moción Solicitando Remedio Urgente y Exigiendo se Respete el Estado de Derecho y en Réplica a Moción en Cumplimiento de Orden y también en Cumplimiento de Orden*, Entrada Núm. 367 de SUMAC-TPI, pág. 6.
[4] *Moción en Cumplimiento de Orden, Objeción a Solicitud de Pensión Alimentaria en Contra a Derecho y Solicitud de Remedio*, Entrada Núm. 380 de SUMAC-TPI, pág. 2.
[5] *Íd.*, pág. 5.

En desacuerdo con tal curso decisorio, el 2 de junio de 2026, el señor Sánchez presentó una *Moción de Reconsideración en Relación a Referido a EPA*. Como fundamento esgrimió lo que sigue:

> [d]urante todo el trámite procesal que culminó en la vista celebrada el 20 de mayo de 2026, la [señora Ortiz] nunca presentó una solicitud formal de revisión de pensión alimentaria acompañada de alegaciones específicas sobre cambios sustanciales en circunstancias, ni presentó evidencia documental, económica o testimonial dirigida a demostrar alguno de los fundamentos reconocidos por la Ley Orgánica de la Administración para el Sustento de Menores y la jurisprudencia vigente para justificar una modificación de pensión.[6]

En consecuencia, solicitó que se dejara sin efecto el referido a la EPA "por no surgir del expediente fundamento legal ni evidencia suficiente que justifique una revisión de pensión alimentaria bajo las disposiciones aplicables de ley".[7]

La señora Ortiz presentó una *Moción en Cumplimiento de Orden*, oponiéndose a la reconsideración solicitada por el señor Sánchez. En esta, adujo que FASO ya no era estudiante de escuela superior, y que en la actualidad era un estudiante universitario con gastos superiores, lo que constituía un cambio sustancial de circunstancias que ameritaba la revisión de la pensión alimentaria. Además, indicó que no poseía evidencia del nuevo costo universitario, que no fue consultada sobre su ingreso a la universidad y que el joven vivía en un hospedaje innecesariamente debido a que cursaba estudios por línea.

Atendidas las anteriores mociones, el 15 de junio de 2026, el TPI emitió una *Resolución Interlocutoria* cuya revocación nos solicita el peticionario, declarando *No ha Lugar* la *Moción de Reconsideración en Relación a Referido a EPA*.

A tenor, el 16 de junio de 2026, la EPA emitió una *Orden de Conferencia*, señalando la *Vista de Revisión* de pensión alimentaria para el 18 de agosto de 2026. Además, les ordenó a las partes a subir al expediente electrónico la prueba documental que se propusieran a presentar en evidencia, incluyendo

---

[6] *Moción de Reconsideración en Relación a Referido a EPA*, Entrada Núm. 389 de SUMAC-TPI, págs. 8-9.
[7] *Íd.*, pág. 10.

sus Planillas de Información Personal y Económica, entre otros requerimientos pertinentes al procedimiento de revisión de pensión alimentaria.

Inconforme, el 23 de junio de 2026, el señor Sánchez acudió ante nosotros, mediante recurso de *certiorari,* señalando la comisión de los siguientes errores:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al referir a la Examinadora de Pensiones Alimentarias una supuesta solicitud de revisión de pensión alimentaria, sin que existiera ante su consideración una solicitud formal de revisión de pensión, ni alegaciones o prueba que demostraran un cambio sustancial en circunstancias que justificara activar el mecanismo de revisión contemplado en nuestro ordenamiento jurídico.

> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al no reconocer el carácter final y firme de la Resolución del 7 de septiembre de 2023 (SUMAC 165), mediante la cual adoptó el informe de la Examinadora de Pensiones Alimentarias (SUMAC 168), y al no ordenar la instalación definitiva de la pensión alimentaria ya adjudicada en favor del menor FASO.

> **TERCER ERROR:** Erró el Tribunal de Primera Instancia al denegar la Moción de Reconsideración mediante una Resolución que no contiene hallazgos de hecho ni fundamentos de derecho que permitan examinar las razones que justificaron el referido a la Examinadora de Pensiones Alimentarias.

> **CUARTO ERROR:** Erró el Tribunal de Primera Instancia al celebrar la vista del 20 de mayo de 2026 y, luego de meses de litigación escrita y de tener ante su consideración controversias maduras para adjudicación, no resolver la mayoría de los asuntos pendientes entre las partes, provocando dilaciones innecesarias en un caso que involucra obligaciones alimentarias y el mejor interés de un menor de edad.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* es el vehículo procesal discrecional mediante el cual un tribunal de mayor jerarquía puede revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *García v. Padró,* 165 DPR 324, 334-335 (2005). La expedición de un auto de *certiorari* descansa en la sana discreción del tribunal. *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729. Como ha señalado el Tribunal Supremo, el auto de *certiorari* se distingue por "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Esta discreción no es

irrestricta, sino que se debe ejercer dentro del marco de la razonabilidad. *García v. Asociación*, 165 DPR 311, 321 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las circunstancias bajo las cuales el Tribunal de Apelaciones está facultado para ejercer su discreción y considerar un *certiorari*. Allí se pauta que, como norma general, los foros apelativos podrán revisar determinaciones bajo las Reglas 56 (sobre remedios provisionales) o 57 (sobre *injunctions*) de las Reglas de Procedimiento Civil y cuando se recurre de una denegación de una moción dispositiva. En adición, la Regla 52.1 establece unas circunstancias excepcionales que también habilitan la intervención de este foro revisor:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones se justifica expedir el recurso solicitado. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025). Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
> 4 LPRA Ap. XXII-B, R. 40.

Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró*, supra, pág. 335.

Adicionalmente, el Tribunal Supremo de Puerto Rico ha dispuesto que

[d]e ordinario, **no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo**, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. (Énfasis suplido). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170 (1992) citando a *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

De manera que, **si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso**. (Énfasis suplido). *SLG Zapata Rivera v. JF Montalvo*, 189 DPR 414 (2013).

### B. Revisión de pensión alimentaria

El Artículo 19(c) de la Ley Orgánica de la Administración Para el Sustento De Menores, Ley 5 del 30 de diciembre de 1986, según enmendada, dispone que toda orden de pensión alimentaria podrá revisarse y modificarse luego de transcurridos tres (3) años desde la fecha en que la orden fue establecida o modificada por última vez. 8 LPRA sec. 518. Sin embargo, vía excepción, **el estatuto faculta a los tribunales a iniciar la revisión de la pensión alimentaria en cualquier momento**, fuera del ciclo de tres años, **siempre que exista justa causa para así hacerlo**. (Énfasis suplido). **La causa justificada obedecería a la existencia de variaciones o cambios significativos** o imprevistos en los ingresos o en la capacidad de generar ingresos, egresos, gastos a capital del alimentante a alimentista; o **en los gastos, necesidades o circunstancias del menor**; o cuando exista cualquier otra evidencia de cambio sustancial en las circunstancias que dieron lugar a la pensión vigente. (Énfasis suplido). En otras palabras, la parte que solicita la revisión sin que hayan transcurrido los tres (3) años desde que se fijó la pensión, tiene que demostrar

que desde entonces han ocurrido cambios sustanciales en las circunstancias presentes al momento en que se fijó, de forma tal que se haya afectado la capacidad del alimentante para proveer los alimentos. *De León Ramos v. Navarro Acevedo*, 195 DPR 157, 171 (2016).

En virtud de lo anterior, la jurisprudencia ha establecido que, aun cuando se apruebe una estipulación sobre alimentos, dichas **sentencias nunca constituyen cosa juzgada y pueden ser revisadas por el Tribunal cada vez que ocurran cambios sustanciales en las circunstancias que existían cuando se aprobó**. (Énfasis suplido). *Negrón Rivera y Bonilla, Ex parte*, 120 DPR 61, 77 (1988).

### C. Discreción judicial

La discreción es el más poderoso instrumento reservado a los jueces para hacer justicia. *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). En tal discreción es que se determina las intervenciones de este Tribunal sobre determinaciones interlocutorias realizadas por el Tribunal de Primera Instancia guiados, ante todo, por el principio rector de que nuestro foro no intervendrá con las determinaciones interlocutorias, discrecionales y procesales de un foro sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664-665 (2000). Abundando en lo anterior, el Tribunal Supremo ha subrayado que

> **los tribunales de origen son los que están en mejor posición para determinar cómo se debe manejar un caso que esta ante su consideración**. **Las determinaciones que haga en el sano ejercicio de su discreción deben ser respetadas por los foros apelativos, a menos**, claro está, **que se demuestre arbitrariedad, un craso abuso de discreción, una determinación errónea que cause grave perjuicio a una de las partes, o la necesidad de un cambio de política pública procesal o sustantiva**. Esta norma fortalece el principio de que serán los tribunales de origen los que manejen los casos que les son presentados. (Énfasis suplido). *Rebollo López v. Gil Bonar*, 148 DPR 673, 678 (1999).

Esto, al reconocerle a los Tribunales de Primera Instancia amplia discreción para pautar y conducir la tramitación de los procedimientos ante su

consideración, sugiere que **los tribunales apelativos deben abstenerse de tratar de administrar o manejar la dirección regular de sus casos**. (Énfasis suplido). Partiendo de esas premisas, **la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia y sus decisiones merecen gran deferencia**. (Énfasis suplido). *Citibank et al. v. ACBI et al.*, supra; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012); *García v. Asociación*, 165 DPR 311, 320 (2005); *Vives Vázquez v. ELA*, 142 DPR 117, 141-142 (1996).

### III. Aplicación del Derecho a los hechos

Según la Regla 52.1 de Procedimiento Civil, *supra*, los casos de relaciones de familia caen bajo las circunstancias excepcionales que habilitan nuestra intervención con determinaciones interlocutorias del TPI. Sin embargo, debido a que no estamos ante una situación que cumpla con alguno de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, no se justifica expedir el recurso solicitado. El TPI no ha incurrido en abuso de discreción, prejuicio, parcialidad ni error en la interpretación y aplicación de alguna norma. Además, la determinación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes.

Por una parte, lo cierto es que la señora Ortiz adujo expresamente mediante moción que cuando se emitió la *Resolución* del 7 de septiembre de 2023, FASO era estudiante de escuela superior, pero en la actualidad, es estudiante universitario con mayores gastos, y de aquí que se justificara la revisión de la pensión alimentaria. Es decir, el TPI no estaba desprovisto de fundamento para ejercer su discreción al referir tal asunto a la atención de la EPA. Además, conforme a la normativa aplicable a las determinaciones sobre alimentos, la *Resolución*, mediante la cual el TPI acogió las recomendaciones de la EPA, no constituye cosa juzgada, y el hecho de haber ocurrido o no las presuntas circunstancias que justifican la revisión de la pensión alimentaria es un asunto para aquilatar.

Más aún, este foro apelativo debe abstenerse de intervenir con determinaciones interlocutorias del foro primario, a quien corresponde el manejo del caso, por lo que su referido del caso a la EPA merece deferencia. Lo cierto es que, examinados los argumentos del peticionario no podemos apreciar que, al así decidir, el foro recurrido hubiese obedecido a un ejercicio de arbitrariedad, abuso de discreción o error que cause grave perjuicio a una de las partes. Aunque resulte reiterativo, nuestra intervención en un asunto a todas luces interlocutorias no está justificada en ausencia de pasión, prejuicio parcialidad o error manifiesto exhibido por el tribunal *a quo*, que, insistimos, no advertimos ocurra en este caso.

## IV. Parte dispositiva

Por los fundamentos expuestos, denegamos expedir el recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones